IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE RODELA, | CASE NO. CV F 11-2126 LJO BAM |
| Plaintiff, | **RECONSIDERATION ORDER** |
| vs. | (Doc. 11.) |
| GUILD MORTGAGE CO., | |
| Defendants. | |

**INTRODUCTION**

After failing to file timely papers to oppose dismissal, pro se plaintiff Valerie Rodela ("Ms. Rodela") seeks reconsideration of this Court's dismissal of Ms. Rodela's claims against defendant Guild Mortgage Co. ("Guild") arising from her loan default for and foreclosure of her Fresno property ("property"). Guild points to the absence of newly discovered facts to warrant reconsideration. This Court considered Ms. Rodela's reconsideration motion on the record and VACATES the March 8, 2012 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court denies Ms. Rodela reconsideration.

**BACKGROUND**

The property was sold at a July 20, 2011 trustee's sale as part of non-judicial foreclosure proceedings. Prior to Guild's removal to this Court, Ms. Rodela filed her Complaint ("complaint") on July 21, 2011 in Fresno County Superior Court to allege against Guild common law and statutory claims

1

focusing on Guild's alleged failure to provide required notices.

On November 14, 2011, Guild filed its unlawful detainer action against Ms. Rodela in Fresno County Superior Court.

On December 30, 2011, Guild filed its F.R.Civ.P. 12(b)(6) motion to dismiss the complaint's claims to result in this Court's sua sponte review of the claims. This Court's January 19, 2012 order ("January 19 order"), issued after the deadline for Ms. Rodela to oppose dismissal, dismissed the complaint's claims with prejudice. The January 19 order premised dismissal on, among other things, the complaint's failure to satisfy F.R.Civ.P. 8 pleading requirements and failure to allege facts of notice deficiencies, to overcome presumption of foreclosure propriety, and to satisfy requirements to tender amounts owed under Ms. Rodela's loan. A January 19, 2012 judgment was entered in Guild's favor against Ms. Rodela.

On January 26 and 27, 2012, Ms. Rodela filed papers to oppose dismissal, despite entry of judgment against her.

On February 10, 2012, Ms. Rodela filed papers to seek reconsideration of dismissal based on her claims of "documentary evidence that proves that Defendant Guild and their [sic] representatives committed fraud by forging signatures and filing the documents in court (Superior and Federal) which were utilized in the foreclosure proceedings as well as the Unlawful Detainer action."

## DISCUSSION

### Reconsideration Standards

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989); *see Caldwell v. U.S.*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (reconsideration motions must be supported "by a showing of extraordinary circumstances which justify relief").

A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under

new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

With these standards in mind, this Court turns to Ms. Rodela's challenges to dismissal of the

1  complaint's claims.

## Alleged Forgery And Perjury

Ms. Rodela accuses Guild's agents of forging a notice to vacate and due diligence declaration in connection with the unlawful detainer action. Ms. Rodela further challenges Guild's declaration under penalty of perjury for sending notices of default and election to sell and of trustee's sale by certified mail in that "Certified Mail service was not utilized." Ms. Rodela claims that Guild made false statements regarding "at least 20 attempts to contact Borrower by telephone." Ms. Rodela contends that Guild "has no fear of signing and filing declarations that are completely and totally false and fraudulent" and "will resort to any means necessary including violating state and federal laws in order to illegally foreclose on residential property."

Ms. Rodela appears to claim that Guild's alleged forgery and perjury unwinds the entire foreclosure process. Guild challenges Ms. Rodela's failure to raise her claims earlier and argues that she is prevented to present evidence previously available "to support a new theory of liability against Guild."

"A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." *Moeller*, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777. "As a general rule, a trustee's sale is complete upon acceptance of the final bid." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440-441, 129 Cal.Rptr.2d 436 (2003). "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser." *Moeller*, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777 (citations omitted). "A nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly.'" *Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238, 1258, 26 Cal.Rptr.3d 413 (2005) (quoting *Brown v. Busch,* 152 Cal.App.2d 200, 204, 313 P.2d 19 (1957)). "This presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity." *Melendrez*, 127 Cal.App.4th at 1258, 26 Cal.Rptr.3d 413.

To challenge foreclosure, "it is necessary for the complaint to state a case within the code sections for which reason it is essential to allege the facts affecting the validity and invalidity of the instrument which is attacked." *Kroeker v. Hurlbert,* 38 Cal.App.2d 261, 266, 101 P.2d 101 (1940). A

4

"trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." *Munger v. Moore*, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970). As the California Supreme Court explained decades ago:

> It is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties. Sham bidding and the restriction of competition are condemned, and inadequacy of price when coupled with other circumstances of fraud may also constitute ground for setting aside the sale.

*Bank of America Nat. Trust & Savings Ass'n v. Reidy*, 15 Cal.2d 243, 248, 101 P.2d 77 (1940).

Moreover, California Civil Code section 2924b(e) provides that verified required mailing of default and sale notices "shall establish a conclusive presumption of mailing."

Ms. Rodela points to neither specific statutory violations nor facts to overcome the presumption of foreclosure validity. Ms. Rodela points to her mere claims of forgery and perjury to which she does not attest under penalty of perjury in the absence of her supporting affidavit or declaration. The trustee's sale was complete upon acceptance of the final bid. This Court construes Ms. Rodela's claims of forgery and perjury as a last ditch effort to avoid eviction from the property. Guild provided required affidavits for the notices of default and sale to create a conclusive presumption that "required notices were properly sent." Guild is correct that Ms. Rodela "fails to identify any facts that would warrant reconsideration."

### **Manifest Injustice – Failure To Tender**

Ms. Rodela also claims that setting aside dismissal of the complaint's claims is necessary "to prevent manifest injustice" in that Guild failed to notify Ms. Rodela properly of "ability to cure the default, which lead to the foreclosure." As the January 19 order explains, ability to tender amounts owed, not to cure default, is the determinative issue.

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997). In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495). Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851 (citing several cases). "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985). "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

Nothing suggests Ms. Rodela's ability to tender. Ms. Rodela filed two bankruptcies and was denied loan modifications. Inability to tender vitiates the complaint's claims. Ms. Rodela fails to substantiate manifest injustice or other grounds to warrant reconsideration.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Ms. Rodela reconsideration.

IT IS SO ORDERED.

Dated:   **March 2, 2012**              /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE